CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 0 9 2008
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA WARREN GALLIMORE, ) | |
| Plaintiff, ) | Civil Action No. 7:07cv00573 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GERALD A. MCPEAK, et al., ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff Joshua Warren Gallimore, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Gallimore claims that the defendants provide "poor medical treatment" and inadequate living conditions to inmates, and that defendant McPeak retaliated against him for filing grievance forms. The court finds that Gallimore's allegations fail to state a claim upon which the court may grant relief and, therefore, dismisses his action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Gallimore is currently housed at New River Valley Regional Jail ("NRVRJ"). He claims that the institution provides "poor medical treatment" to inmates housed there, in that the doctor only visits the facility one time per week, the dentist only visits one time per week, and that inmates with Methicillin-resistant Staphylococcus aureus ("MRSA")[1], skin rashes, and scabies are housed with uninfected inmates. In support of his claim, Gallimore states that he has been on a waiting list for over a month to have a tooth extracted. Gallimore also complains that NRVRJ is overcrowded and that inmates are housed three per cell, which results in one inmate having to sleep on the "dirty concrete floor" "less than 2 feet from [the] toilet [and] sink." He also alleges that the air filtration

---

[1] MRSA is an infection caused by Staphylococcus aureus bacteria – often called "staph." MRSA is resistant to the broad-spectrum of antibiotics commonly used to treat it. See Centers for Disease Control and Prevention, Community-Associated MRSA Information for the Public, http://www.cdc.gov/ncidod/dhqp/ar_mrsa_ca_public.html#2 (last visited Jan. 8, 2008).

system is "very bad and dry and has zero humidity," which he claims can cause "major health issues[,] colds, [and] sicknesses." Next, Gallimore complains about the food provided to inmates at NRVRJ. He states that meals are "served cold" or "just barely warm;" they lack "proper nutrition and vitamins;" they consist of "mostly starchy foods," such as macaroni, potatoes, and bread; and there is "hardly [any] fruit on [the] trays." He also claims that some of the kitchen staff and trustees that "work with [the] food and deliver trays" have hepatitis C and are not cleanly shaven; that food is served through an "unsanitary" slot in the door; and that trays are not properly washed or kept in a sanitary environment. Gallimore "feel[s]" that NRVRJ does not meet established minimum standards with regard to its dining services. Finally, Gallimore alleges that defendant McPeak threatened to file institutional charges against Gallimore if he did not stop using the grievance procedure to "harass jail staff."

As relief, Gallimore requests that the court appoint a panel of federal prison officials to investigate the daily running of NRVRJ, that all of the panel's conclusions be made available to the public, and that the panel monitor the running of NRVRJ for 10 years; that the court order NRVRJ to make improvements to the facility in order to meet minimum requirements; that the court order NRVRJ to hire additional medical and dental personnel, as well as a licensed dietician; and that the court reduce the inmate population in order to increase the bed availability.

## II.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to establish that the defendants had actual knowledge of and disregard for an

2

objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F. Supp. 2d 830, 840 (W.D. Va. 2002) (quoting Cox v. District of Columbia, 834 F. Supp. 439, 441 (D. D.C. 1992)). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

To the extent that Gallimore alleges that the doctor only visits the institution one time per week and that inmates with MRSA, skin rashes, and scabies are housed with uninfected inmates, he fails to allege how either of these complaints affect him. He does not allege that he has a serious medical need that would necessitate that the doctor visit the institution more than once per week. Further, he does not allege that he is housed with an infected inmate or that even if he was, that he contracted any disease or rash from being housed with him. Accordingly, the court finds that Gallimore's allegations fail to state a claim of constitutional magnitude.

To the extent that Gallimore alleges that the dentist only visits NRVRJ once per week and he has been on a waiting list to have a tooth extracted for over a month, Gallimore does not allege that his tooth needs to be extracted based on a serious medical need. Moreover, a delay in receiving medical care may constitute a violation of the Eighth Amendment only when the delay, itself, causes substantial harm. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Wynn v. Mundo,

3

367 F. Supp. 2d 832, 838 (M.D. N.C. 2004). In this case, Gallimore does not allege any injury from the one month he has had to wait to have his tooth extracted. Accordingly, the court finds that Gallimore's allegations regarding medical treatment fail to state a claim under the Eighth Amendment, and therefore, the court will dismiss those claims.

### III.

Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Therefore, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). In addition, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Under these principles, the court finds that Gallimore has failed to state any constitutional claim against any of the defendants. Gallimore fails to allege any respect in which he, personally, has been injured or even adversely affected by any of the living conditions of which he complains.[2] See White v. Gregory, 1 F.3d 267 (4th Cir. 1993) (holding that

---

[2] The court will not give Gallimore the opportunity to amend his claims, because, in a previous action for writ of mandamus in this court, in which Gallimore complained of several of the same living conditions, the court put him on notice that in order to proceed in a civil rights action pursuant to 42 U.S.C. § 1983, he must allege, among other

4

a prisoner must suffer serious injury to be subjected to cruel and unusual punishment within the meaning of the Eighth Amendment). Further, he does not present any facts indicating a "substantial risk" that he will suffer any serious or significant injury from the overcrowding, air filtration system, or food he is served. See Rhodes, 452 U.S. at 348-49 (housing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment); Hite v. Leeke, 564 F.2d 670, 673-74 (temporary triple-celling not per se unconstitutional); Crowe v. Leeke, 540 F.2d 740 (4th Cir. 1976) (an inmate being forced to sleep in an overcrowded cell was not a condition of confinement which shocks the conscience so as to fall within the constitutional prohibition against cruel and unusual punishment); Harrison v. Moketa/Motycka, 485 F. Supp. 2d 652, 656 (D. S.C. 2007) (merely serving food cold does not present a serious risk of harm or an immediate danger to the health of an inmate); Mayo v. Thompson, No. 85cv437, 1986 WL 8412 (E.D. Va. Mar. 6, 1986) (alleged deficiencies in inmate food quality do not normally amount to a constitutional infringement of rights absent a showing of illness and certainly would not amount to a violation of the Eighth Amendment as such deficiencies fall far short of being "subhuman" conditions that would "shock the conscience"); White, 1 F.3d at 269 (mere allegations of insufficient food, absent any suggestion of deleterious effects, fail to state a claim under the Eighth Amendment); Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (affirming district court where inmate failed to allege any harm from allegedly unsanitary kitchen conditions). Accordingly, the court finds that Gallimore's claims related to living conditions at the jail fail to meet the Strickler injury requirement, and therefore, the court will dismiss those claims without prejudice.

---

things, any injury he has suffered as a result of the conditions of which he complains. See Aslinger et al. v. McPeak, et al., Civil Action No. 7:07cv00529 (W.D. Va. Nov. 6, 2007).

## IV.

It is well settled that state officials may not retaliate against an inmate for exercising his constitutional rights. See American Civ. Liberties Union v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). However, an inmate has no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.2d 72, 75 (4th Cir. 1994). Accordingly, the court finds that Gallimore's claim that defendant McPeak threatened to retaliate against him for filing grievance forms does not rise to the level of a constitutional violation. Therefore, the court will dismiss this allegation for failure to state a claim.

## V.

For the reasons stated, the court finds that Gallimore has not presented any claims on which relief can be granted, and therefore, dismisses Gallimore's complaint, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 9th day of January, 2008.

/s/ _____
United States District Judge